Freeman, J.,
delivered the opinion of the court.
This bill is filed to enjoin an execution issued against complainant as stayor of a judgment rendered in March, 1861, against one "W. C. ITolt.
The first allegation stated in the bill for relief is in substance as follows: In 1865 complainant understood Smith claimed he had stayed the judgment, “but that complainant then had, and now has, no recollection of having stayed said judgment, and according to his best recollection and belief, he now denies having stayed said judgment, for neither had he when he first heard the matter spoken of, nor has he now, any recollection of having stayed the same.”
We do not think this allegation is sufficient. Here is a judgment against the party as stayor. We assume it was taken by -the justice of the peace in his official character, and has so stood since 1861. The presumption of law is in favor of the regularity of the action of the officer. *618 A party wlio proposes to deny his liability under such circumstances, should not rely on a mere failure of his memory to recall the act of staying the debt, but should investigate the facts and be able to give a distinct denial of the fact of his liability.
The next ground for relief is, that complainant, in 3865, when he had a conversation with defendant on the subject, after telling him he had not stayed the judgment, but that ITolt was good for the sum, and if he claimed him as stayor to proceed and make the money, that complainant was not bound, but if he was, he would no longer be bound on the same.
It has been repeatedly held by this court that a stayor who can pay the debt and have judgment by motion at once to reimburse himself, would not be released even by an agreement for delay on the part of the judgment creditor. See MS. opinion in case of Watson v. Reed, Nashville [since reported in 4 Bax., 49], and cases cited. Much less can a release be predicated of such facts as are alleged above.
The allegation goes on the theory that he was a stayor, yet at the same time disclaims occupying that position. If he was stayor, then he had his remedy; if he was not, then no notice was necessary for- his release.
There is an intimation of fraud in the bill, but no facts except as above to sustain it. We do not think they make out such a case.
The chancellor dismissed the bill on demurrer, and we affirm his decree with costs.